UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARAMBIRI MOUMOUNI, Individually and on behalf of all other persons similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>DELTA FOOD MART INC. d/b/a DELTA GAS STATION, WEBSTER FOOD MART INC. d/b/a WEBSTER AVE. CITGO, BALAK FOOD MART INC. d/b/a CONOCO, AND VISHAL KUMAR,<br>Jointly and Severally,<br><br>   Defendants. | ECF CASE<br><br>No.: _____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Karambiri Moumouni hereby alleges through his attorneys, Lipsky Lowe LLP, as against his former employers Defendants Delta Food Mart, Inc. d/b/a Delta Gas Station, Webster Food Mart Inc. d/b/a Webster Ave. Citgo, Balak Food Mart Inc. d/b/a Conoco, and Vishal Kumar (collectively, "Defendants"), jointly and severally, as follows:

NATURE OF THE ACTION

1. Plaintiff asserts, on his behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendants failed to pay them overtime pay.

2. Plaintiff asserts, on his behalf and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law ("N.Y. Lab. Law") by (i) failing to pay minimum wage, (ii) failing to pay overtime, (iii) failing to provide the Notice and

Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (iv) failing to provide accurate wage statements under N.Y. Lab. Law § 195.3 with every wage payment.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 216(b).

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (2).

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff was, at all relevant times, an adult individual residing in Kings County, New York.

7. Defendant Delta Food Mart, Inc. d/b/a Delta Gas Station is a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York. It has registered the following address with the New York Department of State, Division of Corporations, to accept service on its behalf: 210 Webster Avenue, New Rochelle, New York 10801.

8. Defendant Webster Food Mart, Inc. d/b/a Webster Ave. Citgo is a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York. It has registered the following address with the New York Department of State, Division of Corporations, to accept service on its behalf: 25 8th Street, New Rochelle, New York 10801.

9.     Defendant Balak Food Mart, Inc. d/b/a Conoco is a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York. It has registered the following address with the New York Department of State, Division of Corporations, to accept service on its behalf: 25 8th Street, New Rochelle, New York 10801.

10.    Upon information and belief, Defendant Vishal Kumar was, at all relevant times, an adult individual residing in Westchester County, New York.

11.    Defendant Vishal Kumar, upon information and belief, owns, operates, and controls Defendants' day-to-day operations and management. He had the authority to hire and fire employees, set their work schedule and pay.

12.    At all relevant times, Defendants jointly employed Plaintiff and other similarly situated employees.

13.    Defendants, collectively, have operated an enterprise engaged in commerce or in the production of goods for commerce. Defendants are engaged in commerce or in the production of goods for commerce, because, *inter alia*, they have employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, including gas and computers.

14.    Defendants, directly or indirectly, have hired and fired Plaintiff and other employees, controlled their work schedules and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

15.    At any given time, Defendants have had more than 30 employees.

## STATEMENT OF FACTS

### Overview

16.     Defendants operate gas stations and convenience stores in Suffolk, Nassau, and Westchester counties.

17.     Defendants have employed at least 30 hourly employees at their 10-12 locations, with about 3 workers at each site, at any one time in the past three years.

18.     Defendants operate as one integrated enterprise by, among other things, sharing supplies, equipment, and employees, and using them interchangeably between their locations. For example, some employees report to Defendants' multiple locations during a week, or even during the same day, of work. These employees also carry equipment and supplies from one of Defendants' locations to another.

19.     Defendants employed Plaintiff as a cashier from February 1, 2024 to November 1, 2024.

### Work Schedule

20.     Plaintiff typically worked six or seven days a week, from 8:00 a.m. to 8:00 p.m. each day.

21.     Plaintiff typically worked 72 hours or more per week.

22.     Plaintiff knows from personal conversations and observations that Defendants' cashiers and other hourly employees worked similar hours as he did, regardless of which one of Defendants' locations they worked at.

### Defendants' Compensation Policies

23.     Defendants paid Plaintiff $12.00 per hour.

24.     Defendants paid Plaintiff by check.

25. Defendants did not pay Plaintiff <u>any overtime premium pay</u> for hours the worked over 40 in a week.

26. Many times, Defendants' checks to Plaintiff bounced and could not be deposited. This led to days or weeks of waiting until the issue was resolved.

27. Plaintiff knows from personal conversations and observations that Defendants' cashiers and other hourly employees were paid the same way that he was paid and were not paid any overtime premiums for hours worked over 40 in a week, regardless of which one of Defendants' locations they worked at.

28. Defendants' cashiers and other hourly employees have been, and continue to be, employed in non-exempt positions and entitled to overtime premium pay.

29. Defendants knowingly violated the and FLSA and N.Y. Lab. Law with the explicit purpose or reducing their labor costs.

30. Since Plaintiff stopped working for Defendants, they have falsely informed the New York State Department of Labor that Plaintiff was not fired, but voluntarily resigned, in an effort to avoid paying Plaintiff unemployment insurance benefits.

<u>Defendants' Recordkeeping Policies</u>

31. Defendants did not provide Plaintiff with a wage statement, which contains the required information under N.Y. Lab. Law § 195.3, with every wage payment.

32. When hiring him and at no point during his employment have Defendants provided Plaintiff with the required Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1.

33. Plaintiff knows from personal conversations that other employees were not provided with the required wage statement and were not provided with Notice and

Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1, regardless of which one of Defendants' locations they worked at.

34. Defendants' failure to provide their employees with the N.Y. Lab. Law §§ 195.1 and 195.3 notices and accurate wage statements deprived them of the information necessary for Plaintiff and other cashiers to review their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

35. If Defendants had complied with the N.Y. Lab. Law §§ 195.1 and 195.3 notices and wage statements, their employees would have been able to see that they were not being lawfully paid and would have been able to avoid underpayment of their wages.

36. Defendants did not post at any of places of employment a poster advising Plaintiff and other employees of their right to a minimum wage and overtime premium pay.

## CLASS ACTION ALLEGATIONS

37. Plaintiff asserts these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed as cashiers and other comparable positions at any time since November 19, 2019 (the "Class Members").

38. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 40 Class Members exist.

39. Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual

plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

40. Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

41. Plaintiff is committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

42. Plaintiff has the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

43. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

    a. Whether Defendants employed Plaintiff and the Class Members within the meaning of the N.Y. Lab. Law;

    b. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c. Whether Defendants paid Plaintiff and the Class Members for all hours worked;

    d. Whether Defendants failed to provide Plaintiff and the Class Members Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

    e. Whether Defendants failed to provide Plaintiff and the Class Members wages statements under N.Y. Lab. Law § 195.3;

      f.      Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the N.Y. Lab. Law in any area where Plaintiff and the Class Members are employed;

      g.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

      h.      Whether Defendants should be enjoined from such violations of the N.Y. Lab. Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

44. Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed as cashiers or other comparable positions at any time since November 19, 2022, to the entry of judgment in this case (the "Collective Action Members").

45. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

      a.      Defendants employed the Collective Action Members within the meaning of the FLSA;

      b.      Collective Action Members performed similar duties;

      c.      Defendants willfully or recklessly violated the FLSA;

      d.      Defendants should be enjoined from such violations of the FLSA in the future; and

      e.      The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## FIRST CAUSE OF ACTION
### UNPAID OVERTIME WAGES UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Action Members)

46. Plaintiff repeats every preceding allegation as if set forth fully herein.

47. Plaintiff consents, through counsel, to be a party to this action under 29 U.S.C. §216(b).

48. Defendants employed, and/or continue to employ, Plaintiff and the Collective Action Members within the meaning of the FLSA.

49. As an employer within the meaning of the FLSA, Defendant Vishal Kumar is individually liable.

50. Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51. Defendants were required to pay Plaintiff and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

52. Defendants knowingly failed to pay Plaintiff and the Collective Action Members the proper overtime compensation.

53. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Collective Action Members the proper overtime compensation to their employees for their hours worked in excess of 40 hours per workweek.

54. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

55. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

56. Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and any other legal and equitable relief as this Court deems just and proper.

57. Because Defendants' FLSA violations were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

58. As a result of Defendants' FLSA violations, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensations under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

59. Plaintiff realleges every preceding allegation as if set forth fully herein.

60. Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff and the Class Members.

61. As an employer within the meaning of the N.Y. Lab. Law, Defendant Vishal Kumar is individually liable.

62. Defendants failed to pay Plaintiff and the Class Members the statutory minimum wage, violating the N.Y. Lab. Law. 12 N.Y.C.R.R. § 142-2.1; N.Y. Lab. Law § 652.

63. Defendants willfully violated the N.Y. Lab. Law by knowingly and intentionally failing to pay Plaintiff and the Class Members the statutory minimum wage.

64. Due to Defendants' N.Y. Lab. Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

65. Plaintiff realleges every preceding allegation as if set forth fully herein.

66. Under the N.Y. Lab. Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek. 12 N.Y.C.R.R. § 142-2.2; N.Y. Lab. Law §§ 652, 650 *et seq.*

67. Defendants willfully violated the N.Y. Lab. Law by knowingly and intentionally failing to pay Plaintiff and the Class Members the correct amount of overtime wages.

68. Due to Defendants' N.Y. Lab. Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

69.　　Plaintiff realleges every preceding allegation as if set forth fully herein.

70.　　Defendants willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

71.　　Defendants' failure to provide their employees with the N.Y. Lab. Law § 195.1 notice deprived them of the information necessary for them to review their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

72.　　If Defendants had complied with the N.Y. Lab. Law § 195.1 wage notices, their employees would have been able to see that they were not being lawfully paid and would have been able to avoid underpayment of their wages

73.　　Due to Defendants' violations of N.Y. Lab. Law § 195.1, Plaintiff and the Class Members are entitled to recover from Defendants $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

## FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

74.　　Plaintiff realleges every preceding allegation as if set forth fully herein.

75. Defendants have willfully failed to supply Plaintiff and the Class Members with the required accurate wage statements with every payment of wages, violating N.Y. Lab. Law § 195.3.

76. Defendants' failure to provide their employees with the N.Y. Lab. Law § 195.3 wage statements deprived them of the information necessary for Plaintiff and the Class Members to review their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

77. If Defendants had complied with the N.Y. Lab. Law § 195.3 wage statements, Plaintiff and the Class Members would have been able to see that they were not being lawfully paid and would have been able to avoid underpayment of their wages

78. Due to Defendants' violations of N.Y. Lab. Law § 195.3, Plaintiff and the Class Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by N.Y. Lab. Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his behalf and on behalf of the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and

their counsel to represent the Collective Action Members and tolling of the statute of limitations;

   b. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class Members;

   c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law;

   d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   e. An award for unpaid minimum wage under N.Y. Lab. Law;

   f. An award for unpaid overtime under the FLSA and N.Y. Lab. Law;

   g. An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

   h. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

   i. An award of liquidated damages as a result of Defendants' N.Y. Lab. Law violations;

   j. An award of liquidated damages as a result of Defendants' willful FLSA violations;

   k. Equitably tolling the statute of limitations under the FLSA;

   l. An award of pre-judgment and post-judgment interest;

   m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

   n. Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
   November 19, 2025

             LIPSKY LOWE LLP

             <u>s/ Douglas B. Lipsky</u>
             Douglas B. Lipsky
             Frank J. Tantone
             420 Lexington Avenue, Suite 1830
             New York, New York 10017-6705
             212.392.4772
             doug@lipskylowe.com
             frank@lipskylowe.com
             *Attorneys for Plaintiff*
             *And all other persons similarly situated*